STATE BOARD OF TAX APPEALS.

CITY OF NEW BRUNSWICK, PETITIONER, v. COLUMBIAN BUILDING CORPORATION, RESPONDENT.

COLUMBIAN BUILDING CORPORATION, PETITIONER, v. CITY OF NEW BRUNSWICK, RESPONDENT.

Decided June 7, 1940.

For Columbian Building Corporation, *William F. McCloskey* and *Douglas M. Hicks*.

For the city of New Brunswick, *Paul W. Ewing* (by *William D. Danberry*).

QUINN, President. The taxpayer in these cases is a holding company for the New Brunswick Council of the national fraternal organization, Knights of Columbus, holding legal title to real estate owned by the council, consisting of prem-

ises at 74 Carroll Place, New Brunswick. The land is improved by a building consisting of two sections, one part being a frame structure, and the other a brick addition constructed in the rear of the frame building and connected with it by common passageways in the basement and first story, so as to render the entirety a functional unit.

The property was assessed by the taxing district for each of the years 1937 and 1938 in the sum of $22,900, being land, $3,900; improvements, $18,000, and personal property, $1,000. Appeals to the Middlesex County Board of Taxation resulted in a cancellation of the 1937 assessment, but in an affirmance of that for 1938. The appeals to this Board raise the question as to whether the property in question, or any part of it, was entitled to exemption from taxation for either or both of the years mentioned, under *Pamph. L.* 1936, *ch.* 46 (*R. S.* 54:4-3.26; *N. J. S. A.* 54:4-3.26) providing as follows:

"All real and personal property used in the work and for the purposes of one or more fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated, shall be exempt from taxation under this chapter, if the legal or beneficial ownership of such property is in one or more of said organizations, lodges, associations or societies, and no part of such property is used for pecuniary profit."

A number of questions were raised at the hearing in derogation of the claimed right of exemption: in reference to the operation of a bar in the premises, as constituting a use for profit; concerning the existence of a default in the mortgage on the premises, as affecting the beneficial ownership of the property by the council; and as to the regular use of the premises by the Catholic Daughters of America. These objections are not urged by the taxing district in its brief, and are, moreover, without substance. As of the assessing dates, October 1st, 1936, and October 1st, 1937, the bar was operated under a club liquor license issued to the council's nominee, Recovery Club, a non-pecuniary incorporated social organization, whose membership was automatically identical with that of the council. The use of the bar was restricted

to the members and their guests, and in such circumstances, there is no loss of the right of exemption. *Hoboken Lodge No. 74, B. P. O. E.* v. *City of Hoboken (State Board)*, filed February 21st, 1939, *affirmed, Hoboken* v. *Hoboken Lodge No. 74, B. P. O. E. (Supreme Court, 1939)*, 123 *N. J. L.* 506; 9 *Atl. Rep.* (2d) 783.

The Catholic Daughters of America is affiliated with the Knights of Columbus, and therefore its use of the building does not bar the right of exemption, under the express provisions of the statute.

So far as the beneficial ownership of the property in the New Brunswick Council is concerned, legal title to the premises on both of the respective assessing days was in its holding company. We have heretofore held that in such a situation the dominant fraternal organization is the beneficial owner of the property. *Fifty-Six Seminary Avenue Corp.* v. *City of Rahway (State Board)*, filed April 4th, 1939. Nor is it material that a mortgage encumbering the property was in default during the tax years in question, and that the taxpayer eventually, but subsequent to the assessing dates, conveyed the property to the mortgagee in satisfaction of its obligation. Beneficial ownership of the property, within the intent of section 54:4-3.26, remained in the New Brunswick Council so long as its holding company held the legal title.

A substantial question as to operation for pecuniary profit is raised, however, by the proof adduced at the hearing to the effect that the council conducted a series of weekly public bingo games from January 30th, 1937, until May 1st, 1937, and another from September 25th, 1937, until May of 1938. This showing is indicative, not of occasional or incidental games for fraternal purposes, but of a continuous, studied practice, which must be considered to constitute a use of the property for pecuniary profit, as of the tax year 1938. *Plainfield Lodge No. 885, Benevolent and Protective Order of Elks* v. *City of Plainfield (State Board)*, filed February 21st, 1939. The games having begun well after the assessing date for the year 1937, *i. e.,* October 1st, 1936, they will not affect the taxpayer's right to exemption for that year. *Hoboken Lodge No. 74, B. P. O. E.* v. *City of Hoboken (State Board)*, filed February 21st, 1939.

The taxing district contends that the taxpayer's disqualification for exemption, arising from its operation of the bingo games, must be held to extend to the entire building, and not merely to the rear section thereof, where the games were actually held. We are in accord. The structure was, as indicated above, an entirety, and under the statute exemption is grounded upon the condition that "no part" of the property be used for pecuniary profit.

From the foregoing discussion it will appear that the property in question was not affected by any use for profit on the assessing date for the year 1937, and that the assessment was properly canceled for said year. It likewise appears that because of the situation respecting bingo games, the assessment was properly sustained for the year 1938. The judgments of the Middlesex County Board of Taxation are therefore affirmed for both of the years in question.